**CLD-183**　　　　　　　　　　　　　　　　　　　　　　　　**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1842

_____

IN RE: CHARLES BELLON,
　　　　　　　　　　　　　　Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3:22-cv-00044)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 17, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: August 25, 2025)

_____

OPINION*

_____

PER CURIAM

　　Pro se petitioner Charles Bellon seeks a writ of mandamus under 28 U.S.C. § 1651. He primarily requests that we order the recusal of the Magistrate Judge who is presiding over his pending habeas action in the Western District of Pennsylvania. We will deny Bellon's mandamus petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bellon has challenged his 2006 Pennsylvania state conviction for nearly 20 years, and the same Magistrate Judge has presided over all of his federal habeas proceedings. We recently summarized some of his extensive procedural history when we denied Bellon's prior mandamus petition. See In re Bellon, No. 24-2897, 2024 WL 4947272, at *2 (3d Cir. Dec. 3, 2024). In short, Bellon filed several habeas petitions, including a 2015 petition that was resolved on the merits, followed by Rule 60 proceedings that concluded last year. In 2020, Bellon's sentence was modified in state court.

In 2022, Bellon filed a habeas petition challenging the state court's sentence-modification proceedings. See Bellon v. Houser, W.D. Pa. Civ. No. 3:22-cv-00044, ECF No. 1.[1] The 2022 habeas petition was stayed for various reasons, first at Bellon's request, and later at the Commonwealth's request (and over Bellon's objection). In November 2024, Bellon filed a mandamus petition that sought, in relevant part, for this Court to direct the Magistrate Judge to lift the stay. We denied that request, but noted that one basis for the stay no longer existed (i.e., the 2015 proceedings had concluded), and we did not comment on whether a stay was warranted for any other reason (such as Bellon's pending PCRA proceedings). See In re Bellon, 2024 WL 4947272, at *2. A few weeks after we denied Bellon's last mandamus petition, the Magistrate Judge entered an order that (1) denied Bellon's renewed motion for counsel, (2) concluded, after careful reevaluation, that Bellon *should* be able to exhaust his still-pending PCRA petition, and

---

[1] All "ECF No." citations refer to this docket.

2

continued the stay until Bellon's PCRA proceedings terminated, and (3) noted that *after* the case reopened, Bellon could seek leave to file an amended habeas petition. See ECF No. 25.

Bellon submitted many responsive filings, including objections to the stay, a motion to have the Magistrate Judge recused, and a motion to disqualify one of the Commonwealth attorneys. The Magistrate Judge denied Bellon's motions, and the District Court affirmed those decisions. After Bellon's PCRA proceedings ended, the Magistrate Judge reopened his case, and the Commonwealth requested 90 days to respond to Bellon's habeas petition. The Magistrate Judge granted that extension, over Bellon's objection, and it subsequently granted a two-week extension.

Meanwhile, Bellon filed the instant mandamus petition. In addition to recusal of the Magistrate Judge, Bellon requests that we (1) transfer his case to a different district, (2) appoint counsel (preferably two specific lawyers), and (3) create and provide a transcript of the oral argument in a prior appeal to this Court. He subsequently moved to supplement his mandamus petition, arguing that the Magistrate Judge's recent report in his pending § 1983 litigation reflects the Magistrate Judge's bias against him. See C.A. No. 6.[2] We grant Bellon's motion to supplement the mandamus petition, insofar as we have taken judicial notice of the Magistrate Judge's recent report.

---

[2] It is unclear whether Bellon is renewing his request to have the Magistrate Judge recused from the 2022 habeas case, or if he is adding a new request regarding his pending § 1983 case. If he meant to file a new request, that request is denied.

Bellon's collective concerns about the Magistrate Judge's recent rulings do not warrant the "extreme remedy" of mandamus relief, which is "reserved for only the most extraordinary situations." In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). To obtain a writ of mandamus, Bellon must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." See id.

Importantly, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (cleaned up). Bellon's mandamus petition is largely another thinly veiled effort to challenge the Magistrate Judge's and District Court's early procedural rulings. Bellon can raise these issues in a properly filed appeal from a final order in the District Court. Because Bellon can raise those issues in an ordinary appeal, he cannot raise them in a mandamus petition.[3]

We will, however, consider Bellon's request for the recusal of the Magistrate Judge from the habeas case. Recusal under § 455(a) is required where a reasonable person who is aware of all relevant facts might reasonably question a judge's impartiality. In re Kensington Int'l Ltd., 368 F.3d 289, 302 (3d Cir. 2004).

---

[3] Furthermore, regarding the Magistrate Judge's allowance of extra time for the Commonwealth to respond to Bellon's habeas petition, we note that courts generally enjoy discretion in case-management decisions, and thus there is no "clear and indisputable right" to a different outcome in such discretionary matters. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); Allied Chem. Corp. v. Daiflon, 49 U.S. 33, 36 (1980).

No reasonable person would question the Magistrate Judge's impartiality based on Bellon's arguments here. Cf. United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (reasoning that recusal motions "must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations"). Bellon's allegations in the main present as a lengthy catalogue of his disagreements with the Magistrate Judge's rulings, but his "displeasure with legal rulings does not form an adequate basis for recusal." See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Nonetheless, we have carefully reviewed the Magistrate Judge's recent report recommending the denial of Bellon's pending § 1983 complaint, and we discern no bias against Bellon in the tone or content of the report. Likewise, we have considered Bellon's extensive argument that the Magistrate Judge's shifting basis for staying his 2022 habeas petition until April 2025 is evidence of the Magistrate Judge's favoritism toward the Commonwealth, and we conclude that it does not raise any question of the Magistrate Judge's impartiality. In our view, the Magistrate Judge repeatedly re-evaluated whether a stay was warranted and only extended the stay where he had significant reason to do so, based on either his own knowledge of Bellon's complex pending federal proceedings or the litigants' persuasive and detailed arguments about pending state-court proceedings.

Consequently, we deny Bellon's mandamus petition, inclusive of his request for a transcript related to a separately docketed proceeding in this Court.